IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-00418-PAB-MJW

FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECEIVER FOR UNITED WESTERN BANK,

Plaintiff(s),

v.

BANC OF AMERICA FUNDING CORPORATION;
BANK OF AMERICA CORPORATION;
BANC OF AMERICA MORTGAGE SECURITIES, INC.;
MERRILL LYNCH, PIERCE, FENNER & SMITH INC.;
MORGAN STANLEY CAPITAL I INC.;
MORGAN STANLEY & CO. LLC;
MORGAN STANLEY;
RBS ACCEPTANCE INC.;
RBS SECURITIES, INC; and
RBS HOLDINGS USA INC.,

Defendant(s).

---

**ORDER REGARDING
(1) DEFENDANT MORGAN STANLEY'S MOTION TO ENFORCE THE PRIVATE
SECURITIES LITIGATION REFORM ACT AUTOMATIC STAY AND FOR A
PROTECTIVE ORDER STAYING DISCOVERY (DOCKET NO. 56)**

**AND**

**(2) DEFENDANTS' MOTION TO CONTINUE APRIL 16, 2014 SCHEDULING
CONFERENCE (DOCKET NO. 58)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for hearing on April 14, 2014, on Defendant

Morgan Stanley's Motion to Enforce the Private Securities Litigation Reform Act

Automatic Stay and for a Protective Order Staying Discovery (docket no. 56) and

2

Defendants' Motion to Continue April 16, 2014 Scheduling Conference (docket no. 58). The court has reviewed the subject motions (docket nos. 56 and 58), an extra exhibit thereto (docket no. 57), joinders (docket no. 61, 62), the response (docket no. 70), and the reply (docket no. 71). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Defendants argue that this court should enter a stay of discovery until Judge Brimmer rules on **either** the pending Motion to Remand to State Court (docket no. 45) filed by Plaintiff with this court on March 14, 2014, **or** on the motion to dismiss which will be filed by April 30, 2014, pursuant to the Private Securities Litigation Reform Act (PSLRA). Defendants further argue that under the PSLRA "in any private action arising under [the 1933 Act], all discovery and other proceedings shall be stayed during the

3

pendency of any motion to dismiss . . . ." 15 U.S.C. § 77z-1(b)(1). The only exception to this rule allows for "particularized discovery" needed to preserve evidence or prevent undue prejudice. 15 U.S.C. § 77z-1(b)(1). In addition, Defendants argue that a PSLRA discovery stay is "triggered by the mere indication by [the] defense of its intention to file a motion to dismiss." In re Carnegie Int'l Corp. Sec. Litig., 107 F. Supp.2d 676, 683 (D. Md. 2000). Furthermore, Defendants argue that discovery on state law claims, such as those asserted in this case under the Colorado Securities Act ("CSA"), also are stayed by the PSLRA when they are included in the same complaint asserting federal securities claims. See Union Cent. Life Ins. Co. v. Ally Fin., Inc., No. 11-cv-2890, 2012 WL 3553052, at *2-4 (S.D.N.Y. Aug. 17, 2012).

In the alternative, Defendants argue that discovery should be stayed based upon String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing FDIC v. Renda, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Those factors under the String Cheese case are: (1) the plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest;

5. That Plaintiff FDIC as Receiver for United Western Bank ("Plaintiff") argues that a stay of discovery should not be issued pursuant to the PSLRA and further that a stay of discovery should not be issued per the factors outlined in the String Cheese case. Plaintiff argues that it is a public entity prosecuting a public action as Receiver for United Western Bank and that this lawsuit is not a private action. Accordingly, Plaintiff argues that the automatic stay of discovery as argued by Defendants under the PSLRA is inapplicable. Furthermore, Plaintiff argues that the factors under the String Cheese case do not merit a stay of discovery in this case. Plaintiff urges this court, in its discretion, to deny a stay of discovery under the String Cheese factors. Lastly, Plaintiff argues that "[t]he decision to grant a protective order is vested in the district court's discretion." Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990).

6. That with regard to the first factor under String Cheese, I find that the Plaintiff's interest in proceeding expeditiously with this action is inconsistent with Plaintiff's previous actions. Plaintiff has waited over three years before bringing this lawsuit as Receiver for United Western Bank. Waiting over three years to bring this lawsuit is not proceeding expeditiously;

7. That with regard to the second factor under String Cheese, I find that discovery in this lawsuit will be burdensome for the Defendants. There are ten certificates involved in this case, and,

5

as stated by counsel during argument, a large volume of loan tapes and applicable underwriting guidelines will be requested in discovery. Further, it appears that many third party subpoenas will be needed to be served. Although the motion to dismiss has not yet been filed, based upon the proffer by Defendants, it is anticipated that such a motion will be filed by April 30, 2014. At this stage, whether such a motion to dismiss, once filed, is granted or denied is speculation. Judge Brimmer will ultimately decide such a motion to dismiss, and he will also decide the pending Motion to Remand to State Court (docket no. 45);

8. That with regard to the third factor under String Cheese, I find that the convenience to the court could be impacted depending upon which claims and parties remain in this court or whether the case is remanded back to state court;

9. That with regard to the fourth factor under String Cheese, I find that the interest of non-parties would favor a stay. Non-parties could be unnecessarily burdened by discovery requests via subpoenas and/or depositions if the soon-to-be-filed motion to dismiss is granted in whole or in part;

10. That with regard to the fifth factor under String Cheese, I find the public does have an interest moving this case to conclusion, but Plaintiff has failed to demonstrate how the public would suffer by stay of discovery until after Judge Brimmer rules on either the

Motion to Remand to State Court (docket no. 45) or on the-soon-to-be-filed motion to dismiss; and

11. That in weighing the relevant factors under <u>String Cheese</u>, I find that a stay of discovery pending resolution of either the Motion to Remand to State Court (docket no. 45) **or** on the soon-to-be-filed motion to dismiss should be granted. This court notes that the Motion to Remand (docket no. 45) was filed with this court on March 14, 2014, and the Response (docket nos. 53, 54, and 55) was filed on April 7, 2014. This motion will be ripe shortly for Judge Brimmer's consideration. Under the posture of this case, for the reasons stated above, and in light of the principles of judicial economy, the subject motions (docket nos. 56 and 58) should be granted.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendant Morgan Stanley's Motion to Enforce the Private Securities Litigation Reform Act Automatic Stay and for a Protective Order Staying Discovery (docket no. 56) is **GRANTED** for the reasons stated above;

2. That Defendants' Motion to Continue April 16, 2014 Scheduling Conference (docket no. 58) is **GRANTED**. The Rule 16 Scheduling

7

Conference set on April 16, 2014 at 9:30 a.m. is **VACATED**. The Scheduling Conference shall be re-set, if necessary, after Judge Brimmer rules on either the pending Motion to Remand to State Court (docket no. 45) **or** on the soon-to-be-filed motion to dismiss; and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 15th day of April 2014.

                                  BY THE COURT

                                  s/Michael J. Watanabe  
                                  MICHAEL J. WATANABE  
                                  U.S. MAGISTRATE JUDGE