IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00418-PAB-MJW

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for UNITED
WESTERN BANK,

     Plaintiff,

v.

MORGAN STANLEY CAPITAL I INC.;
MORGAN STANLEY & CO, LLC;
MORGAN STANLEY;
RBS ACCEPTANCE INC;
RBS SECURITIES, INC.; and
RBS HOLDINGS USA INC.,

     Defendants.

---

## ORDER

---

     This matter is before the Court on Plaintiff's Motion to Remand this Case to State

Court [Docket No. 45] filed by plaintiff Federal Deposit Insurance Corporation ("FDIC")

as receiver for United Western Bank ("United Western").  This matter arises out of

defendants' sale of mortgage-backed securities to United Western.

## I.  BACKGROUND

     The FDIC alleges that defendants made untrue or misleading statements about

a significant number of the mortgage loans that they bundled into securities (known as

"certificates") and sold to United Western in the first half of 2006.  Docket No. 1-1 at 4.

United Western purchased the certificates at issue in eight groups: (1) the first group

was issued by Wells Fargo Asset Securities Corp. and underwritten and sold by

defendant Morgan Stanley & Co. LLC ("Morgan Stanley & Co.") to United Western on

February 28, 2006, Docket No. 1-1 at 37; (2) the second group was issued by

defendant Morgan Stanley Capital I Inc. ("Morgan Stanley Capital") and underwritten

and sold to United Western by defendant Morgan Stanley & Co. on January 31, 2006,

Docket No. 1-1 at 44; (3) the third group was issued by Morgan Stanley Capital and

underwritten and sold by Morgan Stanley Co. to United Western on February 28, 2006,

Docket No. 1-1 at 50; (4) the fourth group was issued by Morgan Stanley Capital and

underwritten and sold by Morgan Stanley & Co. to United Western on April 28, 2006,

Docket No. 1-1 at 57; (5) the fifth group was issued by defendant Banc of America

Funding Corporation and underwritten and sold by defendant Merrill Lynch, Pierce,

Fenner & Smith Inc. ("Merrill Lynch") to United Western on April 3, 2006, Docket No. 1-

2 at 1; (6) the sixth group was issued by Banc of America Funding Corporation and

underwritten and sold to United Western by Merrill Lynch on May 31, 2006, Docket No.

1-2 at 7; (7) the seventh group was issued by defendant Banc of America Mortgage

Securities Inc. and underwritten and sold to United Western by Merrill Lynch on

February 28, 2006, Docket No. 1-2 at 13; (8) the eighth group was issued by defendant

RBS Acceptance Inc. ("RBS Acceptance") and underwritten and sold to United Western

by defendant RBS Securities, Inc. on August 15, 2006.  Docket No. 1-2 at 21.

    The FDIC alleges that defendants made false or misleading statements

regarding the credit quality of the loans backing the securities they sold United

Western, including the loan-to-value ratios, the extent to which the appraisals securing

the loans were compliant with professional standards, the number of loans secured by

non-owner-occupied properties, and the extent to which the loan originators

2

disregarded their own origination standards in making the loans.  Docket No. 1-1 at 3, ¶ 1.

Based on these factual allegations, the FDIC alleges that Morgan Stanley & Co., Morgan Stanley Capital, Merrill Lynch, RBS Securities Inc., Banc of America Funding Corporation, Banc of America Mortgage Securities, Inc., and RBS Acceptance violated the Colorado Securities Act ("CSA"), Colo. Rev. Stat. § 11-51-604(4).  Docket No. 1-1 at 27-30, ¶¶ 110-34.  The FDIC alleges that Morgan Stanley, Bank of America, N.A., Bank of America Corporation, and RBS Holdings USA Inc. violated the CSA, Colo. Rev. Stat. § 11-51-604(5).  Docket No. 1-1 at 30-31, ¶¶ 135-47.  The FDIC alleges that Morgan Stanley & Co. and Morgan Stanley Capital violated § 12(a)(2) of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. § 77k(a)(2).  Docket No. 1-1 at 31-32, ¶¶ 148-61.  The FDIC alleges that Morgan Stanley & Co. and Morgan Stanley Capital violated § 11 of the 1933 Act, 15 U.S.C. § 77j.  Docket No. 1-1 at 32-33, ¶¶ 162-72.  The FDIC alleges that Morgan Stanley is liable under § 15 of the 1933 Act, 15 U.S.C. § 77o.  Docket No. 1-1 at 33, ¶¶ 173-76.

On January 15, 2014, the FDIC brought this case against defendants in the District Court for the City and County of Denver, Colorado.  Docket No. 1-1 at 2.  On February 14, 2014, defendants removed the case to this Court.  Docket No. 1. Defendants assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1349 and 12 U.S.C. § 1819(a) and that removal is proper under 28 U.S.C. § 1441(c).  Docket No. 1 at 3-5, ¶¶ 6-12.

On March 14, 2014, the FDIC filed the instant motion to remand on the basis that 28 U.S.C. § 1441(c) bars removal because this case includes a claim made non-

removable by statute.  Docket No. 45.  Defendants oppose the motion to remand.

Docket Nos. 52-55.

## II. ANALYSIS

Plaintiff argues that this case must be remanded in its entirety because the

claims brought pursuant to the CSA arise from the same nucleus of operative fact as

the non-removable claims brought under the 1933 Act.  Docket No. 45.  Defendants

contend that the Court must retain jurisdiction over the CSA claims according to the

amended language of 28 U.S.C. § 1441(c).  Docket Nos. 52-55.  In addition, Morgan

Stanley, Morgan Stanley Capital I, and Morgan Stanley & Co. (the "Morgan Stanley

defendants") argue that the Court should dismiss the claims brought under the 1933

Securities Act because they are time-barred.  Docket No. 52 at 5-10.

The federal removal statute provides that:

If a civil action includes--

> (A) a claim arising under the Constitution, laws, or treaties of the
> United States (within the meaning of section 1331 of this title),
> and
>
> (B) a claim not within the original or supplemental jurisdiction of
> the district court or a claim that has been made nonremovable
> by statute, the entire action may be removed if the action
> would be removable without the inclusion of the claim
> described in subparagraph (B).

> (2) Upon removal of an action described in paragraph (1), the district
> court shall sever from the action all claims described in paragraph
> (1)(B) and shall remand the severed claims to the State court from
> which the action was removed.

28 U.S.C. § 1441(c) (as amended by the Federal Courts Jurisdiction and Venue

Clarification Act of 2011, Pub. L. 112-63, 125 Stat. 759, Title I, § 103(a) (Dec. 7, 2011)).

4

Claims related to domestic securities and brought under the 1933 Act, however, are not removable.  15 U.S.C. § 77v(a).[1]

Before the 2011 amendments, § 1441(c) read:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates.

See GBI Holding Co. v. City of Chelan, 2012 WL 1610093, at *3 (E.D. Wash. May 7, 2012).  Under this version, the phrase "separate and independent" was understood to refer to claims that did not arise under the same nucleus of operative fact as the removable claims and thus fell outside of a court's supplemental jurisdiction.  See, e.g., Borough of West Mifflin v. Lancaster, 45 F.3d 780, 786 (3d Cir. 1995).  This interpretation led some courts to find that § 1441(c) permitted federal courts to exercise jurisdiction beyond the scope of Article III.  See, e.g., Life Skills Village, PLLC v. Auto-Owners Ins. Co., 16 F. Supp. 3d 872, 873 (E.D. Mich. 2014) ("This Court previously had determined that § 1441(c) represented an unconstitutional exercise of subject matter jurisdiction because it purports to give courts authority to decide state law claims for which the Federal courts do not have original jurisdiction.") (citing Salei v. Boardwalk Regency Corp., 913 F. Supp. 993 (E.D. Mich. 1996)).

In its 2011 amendments to § 1441(c), Congress removed the phrase "separate and independent."  See Federal Courts Jurisdiction and Venue Clarification Act of 2011,

---

[1]Section 77v(a) of Title 15 provides that "no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

Pub. L. No. 112-63, § 103, 125 Stat. 758, 759 (Dec. 7, 2011).  Under the plain language of the revised statute, a defendant may remove a case comprising both removable and non-removable claims.  The court must remand the non-removable claims and retain the claims that are properly subject to removal, regardless of the relationship between the remanded and retained claims.

Courts have held that § 1441(c) should be applied as written and have remanded claims made non-removable by statute even though the claims shared a common nucleus of operative fact with claims over which the court retained jurisdiction.  *See Miley v. Housing Authority of City of Bridgeport*, 926 F. Supp. 2d 420, 429 (D. Conn. 2013) ("Because Miley's workers' compensation claim has been made nonremovable by statute, the Court must sever it and remand it back to state court pursuant to § 1441(c)'s clear directive."); *Nicely v. Safeway, Inc*., 2013 WL 6552084, at *4 (D. Md. Dec. 12, 2013) ("courts have severed and remanded the state law claims without regard to whether the state law claim is related to the federal claim"); *Turbe v. Whirlpool Corp*., 2013 WL 5675958, at *2 (N.D. Okla. Oct. 18, 2013) ("The plain language of § 1441(c) requires the Court to sever plaintiff's nonremovable workers' compensation retaliation claim and to remand only that claim to state court for further proceedings.  The statute provides the Court no discretion to retain jurisdiction over the entire case or to remand the entire case due to the presence of a nonremovable claim."); *Bivins v. Glanz*, 2012 WL 3136115, at *2 (N.D. Okla. Aug. 1, 2012) ("Under the amendment, the Court has no discretion to remand federal claims that are joined with a statutorily nonremovable claim . . . . Instead, the Court must sever and remand the nonremovable claim and retain all other removed claims that are within the Court's original or supplemental jurisdiction.").

6

Plaintiff cites a different line of cases in which courts have relied on legislative history[2] to read the excised "separate and independent" requirement back into the statute.  *See, e.g.*, *F.D.I.C. v. Citigroup Mortgage Loan Trust, Inc.*, 2013 WL 3967993, at *3 (M.D. Ala. Aug. 1, 2013) ("Because the nonremovable claims are intimately related to the removable ones, § 1441(c) does not authorize removal of this case."); *F.D.I.C. ex rel. Colonial Bank v. Banc of America Funding Corp.*, 2013 WL 3968017 (M.D. Ala. Aug. 1, 2013) (same); *FDIC v. Ally Securities LLC*, Case No. 1:12-CA-872-SS, Docket No. 104, slip op. at 15 (W.D. Tex. Dec. 6, 2012) ("Although the plain language of the amended statute no longer speaks of 'separate and independent' claims, the amendments were not intended to substantively alter this aspect of § 1441(c).  A House Report clarifies the amended § 1441(c) still applies to 'the adjudication of separate Federal law claims that are joined with unrelated state law claims.'  H.R. Rep. No. 112-

---

[2]A House Report on the bill that amended § 1441(c) states that "Section 103(a)(4) of the bill would amend subsection 1441(c) to clarify the right of access to Federal court upon removal for the adjudication of separate Federal law claims that are joined with unrelated state law claims.  Subsection 1441(c) presently authorizes a defendant to remove the entire case whenever a 'separate and independent' Federal question claim is joined with one or more non-removable claims.  That subsection also states that, following removal, the district court may either retain the whole case or remand all matters in which state law predominates.  Some Federal district courts have declared the provision unconstitutional or raised constitutional concerns because, on its face, subsection 1441(c) purports to give courts authority to decide state law claims for which the Federal courts do not have original jurisdiction.  Other courts have chosen simply to remand the entire case to state court, thereby defeating access to Federal court. . . . This section of the bill is intended to make changes to better serve the purpose for which the statute was originally designed, namely to provide a Federal forum for the resolution of Federal claims that fall within the original jurisdiction of the Federal courts.  The amendment to subsection 1441(c) would permit the removal of the case but require that a district court remand unrelated state law matters.  This sever-and-remand approach is intended to cure any constitutional problems while preserving the defendant's right to remove claims arising under Federal law."  H.R. REP. NO. 112-10, § 103 (2011).

10 at 12 (2011).")).

Commentators have noted the potential inefficiencies introduced by the amendments to § 1441(c).  *See* Charles Alan Wright *et al*., 14B Fed. Prac. & Proc. Juris. § 3722.3 (4th ed. 2014) ("Some duplication may result [from application of the revised version of § 1441(c)].  The removing defendants will have chosen a federal forum for some of the claims against them, knowing that they might have to defend a second, somewhat duplicative case in state court.  The plaintiff, who sued in state court where all of its claims could be heard together . . . will be subjected to additional litigation burdens unless it chooses to forego prosecution of the claims that Congress has chosen to make nonremovable.").  This inefficiency, however, does not empower courts to ignore the text of the statute, especially where there is no ambiguity in that text which might permit recourse to legislative history.  *See United States v. Woods*, 134 S. Ct. 557, 567 n.5 (2013) ("Whether or not legislative history is ever relevant, it need not be consulted when, as here, the statutory text is unambiguous.").  It may well be that some or even all the members of Congress who voted for the 2011 amendments did not intend to expand § 1441(c) to allow for the removal of cases that assert related removable and non-removable claims.  The Court, however, can give effect only to the text of the law and not to the intent that some legislators may have harbored at the time of enactment.  *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 375 (Thomson/West 2012) ("To be 'a government of laws, not of men' is to be governed by what the laws *say*, and not by what the people who drafted the laws intended.") (emphasis in original).

The Court has jurisdiction over plaintiff's CSA claims pursuant to 12 U.S.C.

§ 1819(b)(2)(A) ("all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States").  As these claims fall within the meaning of § 1441(c)(1)(A), the Court must retain jurisdiction over them.  Plaintiff's claims under the 1933 Act, on the other hand, have been made nonremovable by statute and therefore must be remanded.  *See* 28 U.S.C. §§ 1441(c)(1)(B), (2).

The Morgan Stanley defendants urge the Court to dismiss plaintiff's claims under the 1933 Securities Act on the grounds that they are "baseless."  Docket No. 52 at 5.  This request was not made in a separate document as required by the Local Rules, *see* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate document."), but instead included in a response to plaintiff's motion to remand.  Accordingly, the Court will not consider these arguments.  *See JAH IP Holdings, LLC v. Mascio*, No. 13-cv-02195-MSK-KLM, 2014 WL 2462545, at *1 (D. Colo. June 2, 2014) (disregarding portion of brief filed in response to motion to amend an answer in which plaintiff moved the court to dismiss defendant's counterclaims).

## III.  CONCLUSION

Wherefore, it is

**ORDERED** that Plaintiff's Motion to Remand this Case to State Court [Docket No. 45] filed by plaintiff Federal Deposit Insurance Corporation is GRANTED in part.  It is granted with respect to plaintiff's third, fourth, and fifth claims for relief.  These claims are remanded to the District Court for the City and County of Denver, Colorado, where

9

they were filed as part of Case No. 2014CV30170.  It is denied with respect to plaintiff's first and second claims for relief.

     DATED February 24, 2015.

                     BY THE COURT:

                     s/Philip A. Brimmer
                     PHILIP A. BRIMMER
                     United States District Judge