## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00418-PAB-MJW

FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for United Western Bank,

    Plaintiff,

v.

BANC OF AMERICA FUNDING CORPORATION, et al.,

    Defendants.

---

**ORDER GOVERNING
THE TREATMENT OF CONFIDENTIAL DISCOVERY MATERIAL** ( Docket po 119-1 )

---

    This matter comes before the Court by Stipulation of Plaintiff the Federal Deposit Insurance Corporation as Receiver for United Western Bank ("FDIC") and Defendants in the above-captioned action ("Defendants" and together with the FDIC, the "Parties") for the entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by the Parties or any nonparties in the course of discovery in the above-captioned action (the "Action") to the extent set forth below.

    With the Parties, by and among their respective counsel, having stipulated and agreed to the terms set forth herein in the Stipulation and [Proposed] Order Governing of the Treatment of Confidential Discovery Material ("Stipulation"), and good cause appearing therefore,

    IT IS HEREBY ORDERED that:

    1.    This Order Governing the Treatment of Confidential Discovery Material (the

"Order") shall govern the disclosure and use of Confidential and Highly Confidential Discovery Material (as defined below) including any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony or other communications that might reveal Confidential or Highly Confidential Discovery Material. This Order shall also govern the disclosure and use of all other discovery material (as applicable) provided during the course of the Action, by the Parties to the Action or by any entity that is not named a Party to the Action ("nonparty" or "nonparties,") either voluntarily or as required by requests for discovery made pursuant to the Federal Rules of Civil Procedure (including any subpoenas) or by order of the Court. However, this Order shall not be construed to cause any counsel to produce, return, and/or destroy their own attorney work product, the work product of their co-counsel, or the work product of any experts, consultants, or other advisors employed or retained by the Parties or their respective counsel created in anticipation of or in connection with the Action.

2.      As used in the Order, "person" includes any individual, entity, natural person, or any business, legal or governmental entity or association. "Producing Person" refers to any person that produces discovery material subject to the Order. "Receiving Person" refers to any person that receives discovery material subject to the Order.

3.      Nothing in the Order shall apply to documents, information, material, or any portion thereof obtained by any Receiving Person on a non-confidential basis from a nonparty ("Independently Obtained Documents"), provided that any Independently Obtained Document (or portions thereof) that duplicates, in whole or in part, any Confidential or Highly Confidential Discovery Material produced in this Action shall be treated by the Receiving Person as Confidential or Highly Confidential Discovery Material if the Independently Obtained Document was obtained by the nonparty source, either directly or indirectly, as a result of discovery in any litigation or proceeding involving any Party or person affiliated with any Party. Nothing in this

2

#87248661v12

Paragraph shall be deemed to relieve any nonparty from complying with its obligations under any agreement or court order that is otherwise applicable to that nonparty.

4.      As used in this Order, "Discovery Material" refers to all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and depositions exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or nonparty during discovery in the Action.

5.      This Order designates as "Confidential Discovery Material" any Discovery Material that is designated as such by a Producing Person because the material contains any of the following: confidential, sensitive, or nonpublic financial information or statements; confidential trade secrets; proprietary business information, including business plans or records of internal deliberations or decision-making; policies and procedures not generally published, including those concerning business operations, employee benefits and risk management procedures; surveys concerning customers, competitors and employees; or individual personal information that is protected from disclosure under state or federal law, including identifying personal information and personal financial information, about any Party, any employee of any Party, or any nonparty (including, but not limited to, name, Social Security numbers, home telephone numbers and addresses, tax returns, and medical, investment, credit and banking information). It is possible that disclosure of this Confidential Discovery Material may cause harm to the Producing Persons and their employees, as well as to nonparties.

6.      The Order also designates as "Confidential Discovery Material" any document or other Discovery Material produced in the Action pursuant to an agreement or order requiring the reproduction of such Discovery Material from other litigations or proceedings (the "Reproduced

3

Discovery Material") where such Reproduced Discovery Material was marked or designated confidential (or a similar designation) in the litigation or proceeding in which such Reproduced Discovery Material was originally produced.

7.     "Confidential Discovery Material" shall also include the following:

(a)     Regulatory information: Material related in any way to the regulation or supervision of United Western Bank, in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the Federal Deposit Insurance Corporation in any capacity, the board of Governors of the Federal Reserve System, the Office of Financial and Insurance Regulation ("OFIR"), or any other federal or state regulatory authority, and any documents containing confidential information obtained from any documents or records related to the supervision or regulation of United Western Bank. The FDIC notes that the release of any such regulatory documents may require prior approval from other government agencies, including the Federal Deposit Insurance Corporation in its corporate capacity. To the extent the FDIC possesses regulatory material of another regulatory authority that is responsive to a discovery request propounded by any Party and that the FDIC believes may not be lawfully produced without prior approval of the regulatory authority or entry of a court order, the FDIC shall promptly seek the other regulatory authority's consent to produce the regulatory material and shall promptly notify all Parties whether the regulatory authority does or does not consent. Should any Party seek a court order compelling disclosure of the regulatory material, the relevant regulatory authority shall be afforded a reasonable opportunity to oppose entry of an order. Confidential Discovery Material also includes documents that are exempt from disclosure as provided in the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the regulations governing the disclosure of information, 12. C.F.R. Parts 261 and 309, or any other applicable federal or

4

state laws.

(b)     Information Protected by Law: Any information that a Producing Person is obligated by law to keep confidential, including, but not limited to nonpublic personal information such as (i) social security numbers; (ii) home telephone numbers; (iii) home addresses; (iv) tax returns; (v) medical information; (vi) credit information; (vii) banking information; (viii) documents or data that constitute "consumer reports" as defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a: (ix) "Nonparty Borrower Information," which for purposes of this Order shall mean any information that constitutes "nonpublic personal information" within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809, and its implementing regulations (including, but not limited to, any portion of a mortgage loan file or other document or data set that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person (including, but not limited to name, address, social security number, loan numbers, telephone number, or place or position of work)); and (x) other sensitive personally identifiable information. As set forth in Paragraph 32 below, this Order authorizes the disclosure of Nonparty Borrower Information in the Action.

(c)     Bank Information: Material related to United Western Bank or any other bank, including but not limited to: chargebacks, merchant processing, bank account information, customer bank records, signature cards, bank statements, general ledger entries, deposit or reserve information, trading statements and records, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and loan documentation relating to any extension of credit or loan to any borrower.

(d)     Receivership Information: Material related to the receivership of United Western Bank, including any information on loss or estimates of such loss on United Western Bank's assets that is not publicly available. Notwithstanding any other provision of this Order, no Confidential or Highly Confidential Discovery Material shall be disclosed to any person or entity known to have any current or prospective interest in such assets, whether or not that person or entity would otherwise be allowed access to material under the terms of this Order.

8.     This Order designates as "Highly Confidential Discovery Material" any Discovery Material that is designated as such by a Producing Person because the Discovery Material contains trade secrets, personal, or proprietary or other information that the Producing Person reasonably believes would result in competitive, commercial, or financial harm to the Producing Person or its personnel, clients or customers, or a Producing Person in good faith believes "Confidential Discovery Material" status may not provide sufficient protection.

9.     Except as provided by the express terms of this Order, all persons subject to this Order shall refrain from disclosing in any manner any information set forth in any Confidential or Highly Confidential Discovery Material. However, notwithstanding any other provision of this Order, the transmission or lawful use of Confidential or Highly Confidential Discovery Material within the Federal Deposit Insurance Corporation shall not constitute a violation of this paragraph or of any other provision of this Order, provided that the transmission or use is for a purpose authorized by Paragraph 17(a) below.

10.     Nothing in Paragraphs 7(a)-(d) or 8, or any other provision of this Order, shall constitute a waiver by any Party or nonparty, of any privilege, doctrine, or other objection to production of any Confidential or Highly Confidential Discovery Material.

11.     Documents may be designated as Confidential or Highly Confidential Discovery Material at any time. Without limiting the foregoing sentence in any way, a Producing Person

6

may designate a document as Confidential or Highly Confidential Discovery Material after it was earlier produced without such a designation, and such production, in and of itself, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Person would otherwise be entitled. Upon making such subsequent designation, the disclosing party shall promptly provide a replacement copy of the material with the appropriate mark or stamp. To the extent such material may have been disclosed by the Receiving Person to anyone not authorized to receive material designated confidential, the Receiving Person shall make reasonable efforts to retrieve the material promptly and to avoid any further such disclosure. Delay in designating material as confidential shall not, in and of itself, be deemed to have effected a waiver of any of the protections of this Order. Any documents designated as Confidential or Highly Confidential Discovery Material prior to entry of this Order shall be treated the same in all respects as documents designated as Confidential or Highly Confidential Discovery Material after the entry of this Order. This Order also treats as Confidential or Highly Confidential Discovery Material oral communications designated as confidential either orally (provided that such designation was recorded by a court reporter) or in writing.

12.     Materials designated as Confidential or Highly Confidential Discovery Material pursuant to this Order shall be designated and marked as follows:

(a)     Documents or TIFF Images:  Documents or TIFF images may be designated as Confidential or Highly Confidential Discovery Material by placing the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL," or an equivalent thereof, on any such document or image. Unless the Parties otherwise agree or the Confidential or Highly Confidential Discovery Material is produced pursuant to the provisions of Paragraph 16 below, such legend shall be placed upon every page of each document or image containing Confidential

7

or Highly Confidential Discovery Material. In lieu of marking the originals of documents, the disclosing party may mark the copies that are produced or exchanged. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information ("ESI") produced in native format (together, "Natively Produced ESI") containing Confidential or Highly Confidential Discovery Material need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. Instead, the Producing Person shall use reasonable means to designate as Confidential or Highly Confidential Discovery Material such Natively Produced ESI, including, where applicable and/or practicable, by (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" mark; (ii) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name of the Natively Produced ESI; or (iii) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the label of the media or in the production letter for the Natively Produced ESI.

(b)    Non-Paper Media: Where Confidential or Highly Confidential Discovery Material is produced in a non-paper medium (*e.g.*, video tape, audio tape, computer disks, etc.) that does not include TIFF images, the appropriate confidentiality notice as described in Paragraph 12(a) above should be placed on the face of both the medium, if possible, and its container, if any, so as to give clear notice of the designation. To the extent that any Receiving Person prints any of the information contained on non-paper media that is designated as containing Confidential or Highly Confidential Discovery Material, such printouts will be marked as described in Paragraph 12(a) above by the Receiving Person.

(c)    Physical Exhibits: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in Paragraph 12(a) above.

8

(d)      Written Discovery:  In the case of Confidential or Highly Confidential Discovery Material incorporated in answers to interrogatories, responses to requests for admission, or other written discovery, the appropriate confidentiality designation as described in Paragraph 12(a) above shall be placed on the first page of the document.

(e)      For reports created by an expert or consultant relying on or incorporating Confidential or Highly Confidential Discovery Material in whole or in part, the Party responsible for its creation shall include the confidentiality designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the report.

13.      Confidential or Highly Confidential Discovery Material also includes those portions of any notes, work papers or other work product that contain information from documents designated as Confidential or Highly Confidential Discovery Material without the need for a separate confidential designation on the notes, work papers, or other work product.

14.      If Discovery Material is inspected and/or copied at the Producing Person's choice of location, all such Discovery Material shall be presumed at such inspection to have been designated as Confidential Discovery Material by the Producing Person for sixty (60) days or until such time, if ever, that the Producing Person provides copies to the Receiving Person that requested the Discovery Material without designating it confidential.  The Producing Person whose Discovery Material is inspected and/or copied at the producing Person's choice of location may maintain the Discovery Material as Confidential Discovery Material beyond sixty (60) days by designating the Discovery Material as Confidential Discovery Material in writing to the Receiving Person or by producing to the Receiving Person copies designated Confidential. Production of Confidential or Highly Confidential Discovery Material for inspection and copying shall not constitute a waiver of confidentiality.

15.      A Party may designate as Confidential or Highly Confidential any document or

9

information produced by another Producing Person without a designation of Confidential or Highly Confidential provided that such document or information contains the upward designating Party's own confidential information as defined in Paragraphs 5-8 above. Any such upward designation by a Party will be subject to the terms of this Stipulation and Order as if the documents or information upwardly designated were produced by the Party in the first instance.

16. <u>Nonparty Borrower Information Designation:</u>

(a) Any Person (including nonparties) producing materials through discovery may designate loan files, servicing records, or related documents that it discloses during discovery in the Action, including, but not limited to, the Nonparty Borrower Information contained therein, as Confidential or Highly Confidential Discovery Material, as appropriate, because the materials constitute, contain, reveal, or evidence "non-public personal information."

(b) Any Person (including nonparties) receiving non-public personal information consisting of, derived from, or related to loan files or servicing records produced in discovery, regardless of whether such material is designated with the appropriate designation, shall use that material solely for the purpose of conducting this litigation. Notwithstanding the foregoing, nothing in this Order shall require any Receiving Person to disregard or violate any order, direction, or regulatory requirement of any governmental authority, subject to the provisions set forth in Paragraph 32.

(c) In order to expedite production of loan files and servicing records, a Producing Person may, at its sole option, produce materials without a detailed or any review, subject to the "clawback" procedures in this Order, as set forth in Paragraph 24, or as otherwise agreed to. In doing so, the Producing Person may designate the contents of loan files, servicing records, or related documents that by their nature contain Nonparty Borrower Information with the appropriate designation even if some of the documents in the collection may not, considered

individually, qualify for such designation.

(d)     The Producing Person shall designate Nonparty Borrower Information material as follows:

i.     In the case of information in documentary form, the Producing Person shall designate the documents as Confidential or Highly Confidential Discovery Material in the manner described above in Paragraph 12, except that bulk productions may be designated as set forth in Paragraph 16(d)(iii).

ii.     Nonparty Borrower Information may be used in depositions. The Party using such information in a deposition should designate any portion of the deposition testimony discussing such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the procedure outlined in Paragraph 19.

iii.     Any Nonparty Borrower Information produced in a non-paper media (*e.g.*, computer disks or drives) and/or bulk productions in native format or without Bates numbers may be designated confidential by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a prominent place on the exterior of the container in which the information is stored and/or on the first page of a document and/or on the relevant page(s) of the document. In the event a Receiving Person generates any electronic copy, hard copy, transcription, or printout from any such designated non-paper media, that Receiving Person must treat each copy, transcription, or printout as confidential pursuant to the terms of this Order.

17.     <u>Treatment of Confidential and Highly Confidential Discovery Material</u>. Confidential and Highly Confidential Discovery Material shall be subject to the following restrictions:

(a)     Confidential or Highly Confidential Discovery Material shall be used

11

solely for the purpose of preparing for, and conducting, the prosecution or defense of this Action, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive, or other purpose. Absent consent from a Producing Person, which shall be given solely in that Producing Person's discretion, no Confidential or Highly Confidential Discovery Material produced by such Producing Person may be used in connection with any other litigation, matter, or proceeding.

(b)     Confidential or Highly Confidential Discovery Material shall not be given, shown, made available, or communicated in any way to anyone except those persons specified in subparagraphs (c) and (d) below to whom it is reasonably necessary that such Confidential or Highly Confidential Discovery Material be given or shown for the purposes permitted under subparagraph (a) above, and shall not be disclosed by them.

(c)     Confidential Discovery Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to the following persons:

   i.     counsel of record for the Parties, and attorneys, paralegal, clerical, and other staff employed or retained by the Parties or their respective counsel who are assisting in the conduct of the Action;

   ii.    those officers, directors, and representatives (including legal representatives) of the Parties deemed necessary to aid counsel in the conduct of the Action;

   iii.   witnesses during or in preparation for any deposition or hearing in the Action, *provided, however*, that the witness shall not retain any documents marked as Confidential or Highly Confidential Discovery Material;

   iv.    consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary

#87248661v12

to provide assistance in connection with the conduct of the Action;

     v.    the Court, court personnel, and jurors, potential jurors, or alternate jurors;

     vi.    court reporters and videographers used in connection with the conduct of the Action;

     vii.    outside photocopying services, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

     viii.    persons who are or were authors or recipients of the Confidential Discovery Material;

     ix.    any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Action or to indemnify or reimburse for payments made to satisfy a judgment;

     x.    mediators, arbitrators, or discovery masters (and their support staff), if any, assisting in the Action;

     xi.    any nonparty reasonably believed to have originated a loan at issue in the Action or to be in possession, custody, or control of a loan file at issue in the Action, provided that the only Confidential or Highly Confidential Discovery Material disclosed is the specific Nonparty Borrower Information for that loan that it represents is necessary for it to locate the loan file; and

     xii.    any nonparty reasonably believed to have conducted due diligence on the securitizations or mortgage loans at issue in the Action or to be in possession, custody, or control of documents related to such due diligence, provided that the only Confidential or Highly Confidential Discovery Material disclosed is the specific Nonparty Borrower

Information that it represents is necessary for it to locate documents relating to such due diligence.

(d)     Highly Confidential Discovery Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to the following persons:

i.     any person identified in Paragraph 17(c), except that Highly Confidential Discovery Material shall not be disclosed, summarized, described, characterized, or otherwise communicated to (i) any current or former director, officer, or employee of the Receiving Person; (ii) any current or former director, officer, or employee of any other Party to the Action; (iii) any current or former director, officer, or employee of United Western Bank; (iv) any nonparty; or (v) any person carrying on an insurance business, it being understood that notwithstanding any other provision of this Paragraph 17(d), Highly Confidential Discovery Material may be disclosed to a Party's counsel, including in-house counsel who is involved in management of the Action, and paralegals, staff, stenographic and clerical employees and contractors working under the direct supervision of such attorneys and necessary to assist with the Action, and to any witnesses during or in preparation for any deposition or hearing in the Action, *provided, however*, that the witness shall not retain any documents marked as Highly Confidential Discovery Material.

(e)     Each person described in subparagraphs 17(c)(iii), (iv), (ix), (x), (xi), and (xii) to whom Confidential or Highly Confidential Discovery Material is disclosed shall first be advised that such material is being disclosed pursuant and subject to the terms of this Order and that it may not be disclosed other than pursuant to the terms hereof. Prior to disclosing Confidential or Highly Discovery Material to any person described in subparagraphs 17(c)(iii), (iv), (ix), (x), (xi), and (xii) above, counsel shall cause each such person to execute a certificate

14

in the form annexed hereto as Exhibit A, although no Exhibit A shall be required from persons or entities that receive only such Confidential or Highly Confidential Discovery Material to which they are reasonably believed to have had prior access. Counsel shall be responsible for retaining executed certificates for six (6) months following the final termination of the Action, including any appeals, and shall make them available to other Parties upon good cause shown. Any person receiving Confidential or Highly Confidential Discovery Material is enjoined from disclosing that information to any other person, except in accordance with this Order.

(f)     Confidential and Highly Confidential Discovery Material must be stored and maintained by a Receiving Person at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

18.     Inadvertent Disclosure of Confidential or Highly Confidential Discovery Material.  If any Receiving Person inadvertently discloses Confidential or Highly Confidential Discovery Material to persons who are not Qualified Persons, counsel for the Receiving Person shall make all reasonable efforts to retrieve the Confidential or Highly Confidential Discovery Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential or Highly Confidential Discovery Material in accordance with the terms of the Order. Such disclosure shall also promptly be reported in writing, via overnight delivery service or email, to the Producing Person who produced such inadvertently disclosed Confidential or Highly Confidential Discovery Material, and in no event later than three (3) business days from the discovery of such disclosure.

19.     Confidential or Highly Confidential Discovery Material and Depositions. Information or testimony disclosed at a deposition may be designated as Confidential or Highly

Confidential Discovery Material by the person providing such testimony, by a Party or their respective counsel, or by a Producing Person if such person either:

(a)     identifies on the record at the deposition those portions of the testimony that are designated as Confidential or Highly Confidential Discovery Material; or

(b)     provides written notification to all Parties within thirty (30) calendar days of the court reporter's release of the transcript of the deposition as to those portions of the transcript that are designated as Confidential or Highly Confidential Discovery Material. If Confidential or Highly Confidential Discovery Material provided by a nonparty is used or testified about during a deposition, and if that nonparty is not present at the deposition, then the Party that noticed the deposition shall designate all such information and testimony as Confidential or Highly Confidential consistent with the original designation.

Except to the extent the Parties otherwise agree, the entire transcript of any deposition shall be treated as Confidential Discovery Material until thirty (30) calendar days after the court reporter's release of the transcript of the deposition. The deposition transcript that contains Confidential or Highly Confidential Discovery Material designated pursuant to subparagraph (a) or (b) above shall be stamped, as set forth in Paragraph 12 above, by the court reporter or by counsel. If counsel for any Party believes that a question posed to a witness being examined in a deposition will disclose Confidential or Highly Confidential Discovery Material, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such Confidential or Highly Confidential Discovery Material, such counsel may so notify the examining counsel, and, in that event, that portion of the deposition shall be taken in the presence only of counsel, Parties to the Action, the court reporter, video operator, and their assistants. The court reporter shall indicate in the transcript the portion of the transcript that is to be kept confidential, and shall mark the cover

16

page of the transcript accordingly.

20.   Filing Confidential or Highly Confidential Discovery Material.

(a)   In the event that before trial in the Action, or in connection with any hearing in the Action or any matter relating to the Action, counsel for any Party determines to file or submit in writing to the Clerk of Court's office any Confidential or Highly Confidential Discovery Material, or any papers containing or making reference to the substance of such material or information, pursuant to D.C. Colo. L. Civ. R. 7.2, the Party submitting or filing such material or information shall file a timely motion seeking a Level 1 restriction of access to such material or information. Each Party is authorized hereunder to file a request that any Discovery Materials and/or portions thereof be subject to a Level 1 restriction of access. Nothing in this paragraph shall be deemed to preclude a Party from seeking a Level 2 or Level 3 restriction of access to any Discovery Materials and/or portions thereof or the right of any other Party to oppose such relief.

(b)   To the extent documents containing Nonparty Borrower Information are to be filed with the Court or used as exhibits in any hearing, unless otherwise ordered by the Court, the filing party must either exclude from the exhibits or redact any Nonparty Borrower Information sufficiently to ensure that nonparty borrower identities, or information from which their identities could be ascertained, is masked and not discernible.

(c)   This Order does not address the use of Confidential or Highly Confidential Discovery Material at trial. The Parties agree to meet and confer regarding use of Confidential or Highly Confidential Discovery Material in connection with trial and to raise the issue with the Court at an appropriate time. Such meet-and-confers shall take place after reasonable notice to, and an opportunity to participate by, any nonparty that has produced Confidential or Highly Confidential Discovery Material that any Party intends to use at trial.

17

21.     <u>Objections to Confidential Classification.</u>  No Party concedes that any Discovery Material designated by any other person as Confidential or Highly Confidential Discovery Material under any provision of this Order in fact contains or reflects trade secrets, proprietary, or confidential information, or has been properly designated as Confidential or Highly Confidential Discovery Material, and entering into the Stipulation shall not prejudice the right of a Party to seek, at any time, a determination by the Court of whether any particular document or information should be subject to the terms of the Order. Nor does the availability of Confidential or Highly Confidential Discovery Material status suggest that any documents or other materials are properly discoverable, and shall not affect any other valid objection to the production of documents or other materials.

A Receiving Person shall not be obliged to challenge the propriety of a designation of documents or other material as Confidential or Highly Confidential Discovery Material at the time made or thereafter, and failure to do so shall not preclude a subsequent challenge thereof. If at any time a Receiving Person objects to a designation under the Order (an "Objecting Party"), the Objecting Party shall notify the Producing Person in writing. The Objecting Party shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection. Within ten (10) calendar days of the receipt of such written notice, the Producing Person and Objecting Party shall meet and confer in an effort to resolve their differences. If the disagreement cannot be resolved, the Objecting Party may apply to the Court within ten (10) calendar days for a conference with the Court. If the Objecting Party does not make such an application to the Court, the documents or material to which an objection was directed will still be considered Confidential or Highly Confidential Discovery Material under the Order.  While any such application is pending, the documents or material subject to that application will remain Confidential or Highly Discovery Material until the Court rules.

22.     Breach of Confidentiality. In the event that the Court determines that there is an

actual or threatened violation of this Order by a Receiving Person, the Parties agree that the

Producing Person would not have an adequate remedy at law and would be entitled to specific

performance, and/or injunctive relief, to enforce the terms of the Order, in addition to any other

remedy to which the Producing Person may be entitled at law or in equity.

23.     Legal Process. If any Receiving Person (a) is subpoenaed in another action, (b) is

served with a demand in another action to which he, she, or it is a party, or (c) receives a demand

or request for documents from a legal or regulatory organization with jurisdiction over it and

such subpoena, demand, or request seeks Confidential or Highly Confidential Discovery

Material, the Receiving Person shall (unless prohibited by law or regulation) give written notice,

by hand or by e-mail, within the earlier of (i) five (5) business days of receipt of such subpoena,

demand, or request for documents or (ii) no fewer than seven (7) business days before any

response to the subpoena, demand, or request is due, to all Parties, and to any nonparty who

produced or designated the Discovery Material as Confidential or Highly Confidential Discovery

Material, and in no event shall produce such requested material prior to providing such notice.

Any Party or Producing Person may seek a protective order or other court-ordered relief to

prevent the requested production. Should a Party or Producing Person seek a protective order or

other court-ordered relief, then the Receiving Person shall not produce any of the Producing

Person's Confidential or Highly Confidential Discovery Material, until a final decision that is no

longer subject to appellate review orders such production, provided that a Party or Producing

Person must file a Notice of Appeal or Motion for permission to Appeal from a lower court order

not later than thirty (30) days after Notice of Entry of that order is served. If a Receiving Person

is subpoenaed or requested to produce Confidential or Highly Confidential Discovery Material

by a regulatory or self-regulatory agency with jurisdiction over it, through a process which by

19

law, regulation, interpretive letter, regulatory policy, or compulsory process requires the

Receiving Person to produce requested materials without objection, without notice to other

Parties, or without delay, the Receiving Person shall be permitted to do so notwithstanding any

provisions of this Order, including the advance notice provisions, to the contrary, but the

Receiving Person shall be required to provide prompt notice of such production to the Producing

Person whose Confidential Discovery Material has been disclosed unless such notice is expressly

prohibited by the entity requiring the production.

24.    Clawback of Protected Produced Documents.

Upon notification that a document or other Discovery Material has been inadvertently

produced and/or that a claim of attorney-client privilege, attorney work product, or other

applicable privilege or protection will be made with regard to such document or other Discovery

Material, the Party receiving such notice shall promptly return or, at the Producing Person's

option, destroy any and all copies of such document or other Discovery Material and shall refrain

from reading or reviewing said document or Discovery Material beyond the extent necessary to

identify it as the inadvertently produced material, or from utilizing it in any manner or form

including without limitation, use during the course of a deposition, review with witnesses, use by

counsel or otherwise to prosecute this Action or any other action, or any other use, disclosure, or

review whatsoever. The Receiving Person shall also remove all references to the substance of

such material from any attorney work product. The inadvertent production of any document or

discovery that is subsequently retrieved or destroyed pursuant to this Paragraph shall not be

deemed to be a waiver of the claim of privilege or protection asserted in this Action or in any

other proceeding, including in federal or state proceedings. Notwithstanding the foregoing,

nothing in this Paragraph shall prevent a Receiving Person, after promptly returning or

destroying the Discovery Material, from challenging the Producing Person's designation of the

20

document or discovery as subject to attorney-client privilege, attorney work product, or other applicable privilege or protection or otherwise not subject to production, provided that (a) such challenge complies with the relevant local rules, (b) any review by the Court of the materials in question is conducted *in camera*, and (c) the challenge shall not assert as a ground or basis that the Producing Person waived any privilege or protection because of the inadvertent disclosure.

25.     This Order shall be without prejudice to the rights of a Producing Person to seek further limits on disclosure or protections for the confidentiality of any Discovery Material (whether or not designated as Confidential or Highly Confidential Discovery Material) in addition to the limits and protections provided herein, including, without limitation, that access to or disclosure of any Discovery Material be limited solely to counsel for a Party or to other specified persons and without prejudice to the rights of any other person to contest such application.

26.     Any additional parties that join or are joined in the Action may have access to materials produced pursuant to this Order only after the party executes and files with the Court a stipulation agreeing to be fully bound by the Order. Nonparties producing Discovery Materials may gain the benefits of this Order with respect to any discovery materials they produce by designating as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the Discovery Material they produce.

27.     <u>Final Disposition</u>.

Within sixty (60) days after final termination of the Action, including any appeals or petitions for *certiorari* or discretionary review, each Receiving Person must, at its option, take commercially reasonable efforts to either return all Confidential or Highly Confidential Discovery Material to the Producing Person, or destroy it, provided that counsel for Receiving Persons shall not be required to search through emails and email attachments (or any archives or

21

backups thereof), except to the extent that counsel has an email folder dedicated to storing Confidential or Highly Confidential information in the Action. As to those materials designated as Confidential or Highly Confidential Discovery Material that constitutes counsel's work product, pleadings, motion papers, deposition transcripts and exhibits, legal memoranda, and correspondence that were served, or filed with this Court in the Action, counsel for the Parties in the Action may retain such documents if such counsel otherwise comply with this Order with respect to such retained material.

28.     This Order shall survive the termination of the Action. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by outside counsel of record for each Producing Person or by an Order of the Court.

29.     The Parties may jointly seek to amend or modify the Stipulation and this Order, subject to Court approval.  Any request for amendment or modification that would permit greater disclosure of Confidential or Highly Confidential Discovery Material than permitted hereunder shall be with reasonable notice to, and an opportunity to be heard by, any nonparty that has produced Confidential or Highly Confidential Discovery Material to the extent such request for amendment or modification will apply to Confidential or Highly Confidential Discovery Material produced by nonparties.

30.     Notwithstanding any provision contained herein, nothing in this Order shall restrict in any way the right of a Party to make use of its own Discovery Material in any way it deems fit.

31.     Nothing in this Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any grounds to the admission in evidence of any fact or information.

32.     Disclosure of Nonparty Borrower Information.  To the extent any federal or state

22

law or other legal authority governing the disclosure or use of Nonparty Borrower Information ("Nonparty Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Nonparty Borrower Information Law requires a Party or a nonparty to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and the Court hereby orders that the Party or nonparty is exempted from obtaining a court-ordered subpoena or having to notify or obtain consent from any person or entity prior to the disclosure of Nonparty Borrower Information. To the extent that any Nonparty Borrower Information Law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court hereby orders, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, that the Parties and nonparties are explicitly prohibited from providing such notice; *provided, however,* that this Order shall not prohibit any Party or nonparty from contacting any person or entity for any other purpose. Any Producing Person may seek additional orders from this Court that it believes may be necessary to comply with any Nonparty Borrower Information Law.

IT IS SO ORDERED

Dated: June 12, 2015

Hon. Michael J. Watanabe
United States Magistrate Judge

23

#87248661v12

AGREED:

/s/ Andrew R. Shoemaker
Andrew R. Shoemaker
Paul H. Schwartz
SHOEMAKER GHISELLI &
SCHWARTZ LLC
1811 Pearl Street
Boulder, CO 80302
(303) 530-3452

David J. Grais
Mark B. Holton
Vickie Reznik
GRAIS & ELLSWORTH LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 755-0100

*Attorneys for Plaintiff FDIC as
Receiver for United Western Bank*

/s/ Peter G. Koclanes
Peter G. Koclanes
Christian H. Hendrickson
SHERMAN & HOWARD LLC
633 17th Street, Suite 3000
Denver, CO 80202
(303) 297-2900

Thomas C. Rice
Andrew T. Frankel
Abigail W. Williams
SIMPSON THACHER & BARTLETT
LLP
425 Lexington Avenue
New York, NY 10017
(212)455-2500

*Attorneys for Defendants RBS
Acceptance Inc., RBS Securities Inc.,
and RBS Holdings USA Inc.*

/s/ James R. Miller
James R. Miller
Paul R. Wood
Thomas H. Wagner
POLSINELLI, PC
1515 Wynkoop Street, Suite 600
Denver, CO 80202

James P. Rouhandeh
Dana M. Seshens
Jeremy T. Adler
DAVIS POLK & WARDWELL, LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4363

*Attorneys for Defendants Morgan
Stanley Mortgage Capital I, Inc.,
Morgan Stanley & Co., LLC, and
Morgan Stanley*

24

## ACKNOWLEDGMENT

I have been informed that on _____, the United States District Court for the District of Colorado entered an ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL DISCOVERY MATERIAL in *Federal Deposit Insurance Corporation as Receiver for United Western Bank v. Morgan Stanley Capital I Inc.; Morgan Stanley & Co LLC; Morgan Stanley; RBS Acceptance Inc.; RBS Securities, Inc.; and RBS Holdings USA Inc.* (No. 1:cv-00418-PAB-MJW). I have read the Order, agree to abide by the terms of the Order as they apply to me, and voluntarily submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of any proceeding related to the Order, including my receipt or review of information that has been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.


_____
(Signature)


_____
(Printed Name)

25